IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WILLIAMSBURG NATIONAL INSURANCE COMPANY, | ) ) ) | 1:10cv2310 DLB |
| | ) ) | ORDER DENYING DEFENDANT'S MOTION TO DISMISS |
| Plaintiff, | ) ) | (Doc. 9) |
| vs. | ) ) ) | |
| SUTTER INSURANCE COMPANY, | ) ) | |
| Defendant. | ) ) | |

On February 17, 2011, Defendant Sutter Insurance Company ("Sutter") filed the instant motion to dismiss. The matter was heard on April 8, 2011, before the Honorable Dennis L. Beck, United States Magistrate Judge. Michael Karl Dobrin appeared on behalf of Defendant Sutter. Spencer Allen Schneider appeared on behalf of Plaintiff Williamsburg National Insurance Company ("Williamsburg").

**FACTUAL AND PROCEDURAL BACKGROUND**

This case arises from a tractor trailer accident involving a tractor owned by Carlos Garibay and insured by Sutter and trailers attached to Garibay's tractor, which were owned by John R. Lawson Rock and Oil, Inc. and insured by Williamsburg. Sutter defended Garibay, and ultimately

1

settled, a state court action involving recovery of damages for bodily injury and property damage arising from the accident. Sutter now claims that the parties' policies apply on a co-primary basis and, thus, Williamsburg is liable for half of the defense costs and payments made in the action against Garibay. Williamsburg counters that its policy provides excess coverage and, therefore, it has no duty to contribute to the defense and settlement.

To resolve the dispute, on December 10, 2010, Williamsburg filed this declaratory relief action seeking a judicial determination regarding coverage. Two months later, on February 15, 2011, Sutter filed a separate action in Sonoma County Superior Court seeking monetary relief from Williamsburg for half of the defense costs and indemnity paid in the Garibay action. *Sutter Insurance Company v. Williamsburg National Insurance Company*, Case No. SCV249156.

Thereafter, on February 16, 2011, Sutter moved to dismiss this action. On March 25, 2011, Williamsburg opposed the motion. Sutter filed a reply on April 1, 2011.

## DISCUSSION

Sutter seeks dismissal of this action based on improper venue and failure to state a claim. Fed. R. Civ. Proc. 12(b)(3), (6). Although filed under the guise of a dismissal, Sutter essentially asks that the court abstain from exercising its jurisdiction over this declaratory judgment action.

The Declaratory Judgment Act, 28 U.S.C. § 2201, provides in relevant part:

> any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a). In considering whether to exercise its discretion to retain jurisdiction over a declaratory judgment action, a district court considers the factors enumerated in *Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942). "The district court should avoid needless determination of state law issues; it should discourage litigants from filing declaratory actions as a means of forum shopping; and it should avoid duplicative litigation." *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998); *see also American Cas. Co. v. Krieger*, 181 F.3d 1113, 1118 (9th Cir. 1999).

Sutter asserts that the *Brillhart* factors favor abstention because: (1) Williamsburg engaged in

improper forum shopping; (2) a parallel state court action exists; and (3) the matter concerns an issue of state law.

### 1. Discouraging Forum Shopping

This factor "usually is understood to favor discouraging an insurer from forum shopping, i.e., filing a federal court declaratory action to see if it might fare better in federal court at the same time the insurer is engaged in a state court action." *Krieger*, 181 F.3d at 1119. A federal court should not entertain a "reactive" or "defensive" declaratory action brought by an insurance company. *Continental Cas. Co. v. Robsac Indus.*, 947 F.2d 1367, 1371 (9th Cir. 1991), *overruled on other grounds by Dizol*, 133 F.3d 1220, 1223-24 (9th Cir. 1998). The Ninth Circuit has explained:

> A declaratory judgment action by an insurance company against its insured during the pendency of a non-removable state court action presenting the same issues of state law is an archetype of what we have termed "reactive" litigation.

*Robsac*, 947 F.2d at 1372.

Sutter argues that Williamsburg's filing of this action was "reactive" because Williamsburg sought declaratory relief in anticipation of Sutter's filing of a related state court proceeding. This argument is without merit. First, Williamsburg filed the present declaratory action at least two months before Sutter filed its state court action. Second, as Williamsburg counters, "reactive" litigation involves a non-removable state court proceeding. *Robsac*, 947 F.2d at 1372. In this instance, Williamsburg did not file its declaratory relief action to preempt the filing of a *non-removable* state court action. Rather, Sutter's state court action was removable to the Northern District of California on the basis of diversity jurisdiction. Indeed, the Northern District court denied Sutter's request to remand and transferred the action to this court. *See Sutter Ins. Co. v. Williamsburg National Ins. Co.*, 1:11-cv-00796-AWI-DLB, Docket No. 19.

### 2. Parallel State Court Action

Contrary to Sutter's claim, there is no parallel state court action. Sutter's state court action was removed to federal district court and transferred here.

### 3. State Law Issues

As a final argument, Sutter asserts that the court should not interfere in deciding an issue of

1  state law.  Sutter correctly indicates that the issue involves an interpretation of California Insurance
2  Code section 11580.9 and state appellate cases regarding retroactivity of code provisions.  However,
3  as Williamsburg points out, there is little need for a California court to construe the statute since this
4  court has already construed the statute in *Progressive Cas. Co. v. Peerless Inc. Co.*, 2007 WL
5  763229 (E.D. Cal. Mar. 9, 2007) and in *United States Fire Ins. Co. v. Williamsburg National Ins.*
6  *Co.*, 2008 WL 5054107 (E.D. Cal. Nov. 19, 2008).  There are no other cases, either state or federal,
7  that have construed the application of Insurance Code section 11580.9 since its enactment.  Thus,
8  retaining jurisdiction would serve the interests of judicial economy and avoid inconsistent rulings.
9  Further, both parties agree that the issue of retroactivity is unlikely to arise in the future because the
10 statute of limitations has run on most actions.

## CONCLUSION AND ORDER

For the reasons stated, the *Brillhart* factors favor this court retaining jurisdiction over the declaratory judgment action.  Defendant's motion to dismiss is DENIED.

IT IS SO ORDERED.

   **Dated:   May 17, 2011**                                  **/s/ Dennis L. Beck**
                                                        UNITED STATES MAGISTRATE JUDGE

4